FILED

MAR 28 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAROL SMITH, Individually and as Personal )
Representative of )
the Estate of Erika Smith, )
4450 South Park Avenue, #415 )
Chevy Chase, MD 20815 )
)
Plaintiff, )
)
v. )
)
HOPE VILLAGE, INC., )
2840 Langston Place, S.E. )
Washington, D.C. 20020 )
)
    Serve: CT Corporation System )
           1025 Vermont Ave., N.W. )
           Washington, D.C. 20005 )
)
    Defendant. )
)

CASE NUMBER 1:05CV00633
JUDGE: Reggie B. Walton
DECK TYPE: Personal Injury/Malpractice
DATE STAMP: 03/28/2005

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Carol Smith, individually on her own behalf and as Personal Representative of the Estate of Erika Smith, by and through her attorneys, brings this action seeking damages arising from the wrongful death of her nine-year-old daughter Erika Smith, and alleges as follows:

### Nature of the Action

1.    This is an action for compensatory and punitive damages against Defendant Hope Village, Inc., who, by virtue of its negligent acts and/or omissions, directly and proximately caused the premature and wrongful death of Erika Smith.

2. As alleged in greater detail below, Defendant Hope Village, Inc. prematurely and negligently released from its custody Anthony Quintin Kelly, a convicted felon, who, subsequent to his release, viciously and deliberately murdered nine-year-old Erika Smith.

**Jurisdiction and Venue**

3. Diversity jurisdiction over the subject matter of this case arises under 28 U.S.C. § 1332(a)(1). Plaintiff is of diverse citizenship from Defendant. Plaintiff resides in the State of Maryland. Upon information and belief, Defendant has its principal place of business in Washington, D.C.

4. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1). Carol Smith was appointed Personal Representative of the Estate of Erika Smith by the Superior Court of the District of Columbia, and will therefore oversee any probate of Erika Smith's estate.

**The Parties**

5. Plaintiff Carol Smith is a resident of Maryland and currently resides at 4450 South Park Avenue, Apartment #415, Chevy Chase, Maryland 20815. She brings this action individually on her own behalf and as personal representative of the Estate of Erika Smith. Carol Smith initiated appointment of herself as Personal Representative to the Estate of Erika Smith in the Superior Court for the District of Columbia and was appointed by that court as Personal Representative of Erika Smith's Estate on March 23, 2005.

6. At the time of her death, Erika Smith was a resident of the District of Columbia and resided with Carol Smith at 3540 39th Street, N.W., Apartment B644, Washington, D.C. 20016.

7. On information and belief, Defendant Hope Village, Inc. is a privately owned entity that owns, leases, operates, and/or manages a halfway house facility at 2840 Langston

Place, S.E., Washington, D.C. 20020. On information and belief, Defendant Hope Village, Inc. has contracted with the Federal Bureau of Prisons ("BOP") to provide halfway house services to offenders in the District of Columbia. On information and belief, Anthony Kelly was a paroled convict in the custody of Defendant Hope Village, Inc. from late 2001 to early 2002.

## **Factual Allegations**

The following facts are alleged upon information and belief:

8.   In August 1996, Anthony Kelly was convicted of car theft and of threatening to kill two people and was sentenced to incarceration in federal prison.

9.   In December 2001, Anthony Kelly was released on parole from federal prison into the custody of Defendant Hope Village, Inc.'s halfway house in Washington, D.C.

10.   On information and belief, institutional policies applicable to Defendant by virtue of its independent contractor status with the BOP required that offenders be gainfully employed prior to their release from a halfway house. Institutional policies also forbade inmates from working for their relatives. Inmates who falsify employment records submitted to the halfway house are returned to prison. Anthony Kelly claimed to Defendant that he was employed. In fact, at no time while in the custody of the Defendant, did Anthony Kelly have a job. On information and belief, Defendant did not attempt to verify that Anthony Kelly was employed prior to releasing him from its custody.

11.   On information and belief, in further violation of the policies applicable to Defendant forbidding inmates from working for their relatives, the employer for whom Kelly claimed to be working was his stepfather. Defendant made no attempt to verify the identity of Kelly's supposed employer.

12. On information and belief, institutional policies prohibited inmates from driving stolen vehicles. Inmates who do so are returned to prison. While in Defendant's custody, Kelly was driving a stolen vehicle.

13. On information and belief, despite Kelly's repeated violations of institutional policies and his continuing to flout the law, Defendant released Anthony Kelly from its custody in March 2002, not three months after he had been placed with Defendant.

14. Erika Smith would regularly spend the night with her natural father, Gregory Russell, at his home in Silver Spring, Maryland. On the night of August 6, 2002, a stranger broke into Gregory Russell's home and completely destroyed the tranquility and peace that was Erika's very existence, and to which all nine-year-old children are entitled. The intruder shot Erika once at point-blank range, killing her. The assailant turned his gun on Russell, shot Russell eight times, also killing him. The murderer was Anthony Kelly.

15. Anthony Kelly was finally captured by authorities on September 5, 2002. On May 15, 2003, Kelly was indicted for the murders of Gregory Russell and Erika Smith. Until his indictment, Kelly's role as murderer of her only child was unknown to Plaintiff Carol Smith.

## COUNT I

*Carol Smith, as Personal Representative of the Estate of Erika Smith*

### Action for Survival Damages

16. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 15 of this Complaint as if set forth fully herein.

17. Defendant, by and through its custodial relationship with Anthony Kelly, owed a duty of care to Erika Smith.

-4-

18. Defendant, by releasing Anthony Kelly when he was in violation of institutional policies, breached its duty of care to Erika Smith.

19. As a direct and proximate result of that breach, Erika Smith was murdered.

20. Because of the injuries she sustained, Erika Smith endured extreme mental and physical pain, suffering, and emotional distress, entitling her Estate to compensatory damages.

21. WHEREFORE, Plaintiff Carol Smith, as Personal Representative of the Estate of Erika Smith, demands that judgment be entered against the Defendant Hope Village, Inc., for compensatory damages in the amount of FIFTEEN MILLION DOLLARS ($15,000,000).

## COUNT II

*Carol Smith, Individually on her own behalf*

### Wrongful Death and Loss of Solatium

22. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 21 of this Complaint as if set forth fully herein.

23. As a direct and proximate result of Defendant's negligence, Carol Smith has been forced to mourn the loss of society and companionship of her only child. This she does continuously. Because of the negligent act or omission of Defendant and the sudden, unexpected, and extremely violent death of her only child caused by Defendant's negligent act or omission, Carol Smith has suffered severe mental anguish and sorrow.

24. WHEREFORE, Plaintiff Carol Smith demands that judgment be entered against Defendant Hope Village, Inc., for compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000).

### PRAYER FOR RELIEF

Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 24 of this Complaint as if set forth fully herein.

WHEREFORE, Plaintiff Carol Smith, individually on her own behalf and as Personal Representative of the Estate of Erika Smith, prays that this Court provide the following relief:

25. Compensatory damages in the amount of TWENTY FIVE MILLION DOLLARS ($25,000,000);

26. Punitive damages in an amount to be proven at trial for Defendant's conscious, willful, wanton, and reckless disregard for the rights of innocent members of the community;

27. Reasonable attorneys' fees and costs in bringing and maintaining this Complaint and action against Defendant;

28. Such other and further relief that the Court may deem just and appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*

Stuart H. Newberger (D.C. Bar No. 294793)
Allison R. Brown (D.C. Bar No. 490703)
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5113

Attorneys for Plaintiff Carol Smith

DATED: March 28, 2005